**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
**(ALBANY)**

In re:

Linda Ann Barber
aka Linda A. Posporelis,

Debtor.

**APPLICATION**

**CASE #: 16-11329-1-rel**
**CHAPTER 7**

**APPLICATION FOR RELIEF FROM AUTOMATIC STAY**

To: Honorable Robert E. Littlefield, Jr.
U.S. Bankruptcy Judge

The Application of Wells Fargo Bank, N.A. respectfully shows:

1. Secured Creditor is the holder of a Note executed by Linda Barber ("Debtor") in the original amount of $199,124.00 ("Note"), secured by a mortgage, which was recorded in the Office of the Clerk of the County of Saratoga on January 20, 2010 at Instrument #2010002087 ("Mortgage") covering the premises commonly known as 68 Colonial Road, Stillwater, NY 12170 K/N/A 68 Colonial Road, Stillwater, NY 12170-1135 (the "Subject Property"). Said Mortgage was assigned by an Assignment of Mortgage executed July 16, 2012 and recorded in the Office of the Clerk of the County of Saratoga on July 19, 2012 in Instrument #2012026257. Said mortgage was modified by a Loan Modification Agreement dated July 15, 2014 executed by Linda A. Barber. Said Modification Agreement decreases the principal balance of the debt to $158,903.56. A copy of the Note, Recorded Mortgage, Assignment of Mortgage, and Loan Modification is annexed hereto as Exhibit "A".

2. On the 21st day of July, 2016, Debtor filed a Petition under Chapter 7 of

Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered.

3. The Note and Mortgage provide that the Debtor will be in default if the Debtor does not make full payments on each due date.

4. The Debtor has failed to pay the last 10 payments; 3 payments due January 1, 2016 through March 1, 2016 each in the amount $1,140.22, 3 payments due April 1, 2016 through June 1, 2016 each in the amount of $1,175.72, and 4 payments due July 1, 2016 through October 1, 2016 each in the amount of $1,093.81, and has not cured said default.

5. A Certification of Payment History of the Note and Mortgage Dated January 15, 2010 and Related Information is attached hereto as Exhibit "B".

6. As of the 4th day of October, 2016, there is an unpaid principal balance owed on the Note and Mortgage in the sum of $155,306.15, with interest thereon in the amount of $5,572.73, plus late charges in the amount of $140.84, plus recoverable fees in the amount of $3,196.00, plus escrow advances in the amount of $2,926.00 for an estimated amount owing the Secured Creditor in the amount of $167,141.72. Interest on the unpaid balance will continue to accrue, and to protect its secured interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance, and related matters.

7. On or about the 11th day of August, 2016, the Secured Creditor obtained a Broker Price Opinion of the Subject Property. The Broker Price Opinion estimates the fair market value of the Subject Property to be $205,000.00. A copy of the Broker Price Opinion is annexed hereto as Exhibit "C".

8. Section 362(1) of the Bankruptcy Code Provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack

of adequate protection of an interest in property…." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Secured Creditor and there exists no equity in the Subject Property.

9. Secured Creditor will account to the trustee for any surplus received as a result of its foreclosure of the Subject Property.

10. Secured Creditor respectfully requests that the automatic stay be vacated, that the Court permit the trustee to abandon the Subject Property.

11. Waiver of the stay invoked pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) is sought so the Secured Creditor, its successors and/or assigns can immediately proceed with the foreclosure and/or eviction actions without further delay or economic harm.

12. A copy of the proposed Order granting relief is annexed hereto as Exhibit "D".

13. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED: October 24, 2016
Rochester, New York

WOODS OVIATT GILMAN LLP
Aleksandra K. Fugate, Esq.
Attorneys for Secured Creditor
700 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: 585-445-2763